FILED
CLERK, U.S. DISTRICT COURT

AUG 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2  Megan L. Wagner (California Bar No. 130752)
   *megan@kohutlaw.com*
3  Sarah K. Kohut (California Bar No. 197655)
   *sarah@kohutlaw.com*
4  KOHUT & KOHUT, LLP
5  600 Anton Blvd., Suite 1075
   Costa Mesa, CA 92626
6  Telephone:  (714) 384-4130
7  Facsimile:  (714) 384-4131

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

8  James B. Baldinger (Florida Bar No. 869899)
9  *jbaldinger@carltonfields.com*
   (admission *pro hac vice* pending)
10 Maria Montenegro (Florida Bar No. 996084)
11 *mmontenegro@carltonfields.com*
   (admission *pro hac vice* pending)
12 CARLTON FIELDS, P.A.
13 222 Lakeview Ave., Suite 1400, P.O. Box 150
   West Palm Beach, FL 33402-0150
14 Telephone:  (561) 659-7070
15 Facsimile:  (561) 659-7368

16 *Attorneys for TracFone Wireless, Inc.*

17          UNITED STATES DISTRICT COURT

18          CENTRAL DISTRICT OF CALIFORNIA

19

20 TRACFONE  WIRELESS,  INC.,  a     ) Case No. CV08-00382-SGL (SSx)
   Delaware corporation,              )
21                                    )
                 Plaintiff,           ) **STIPULATED PROTECTIVE**
22                                    ) **ORDER AND ORDER THEREON**
         v.                           )
23                                    )
   SKYCOM WIRELESS, INC., a          )
24 California Corporation; MOHAMAD   )
   CHEHAB; AHED YOUSEF DIAB          )
25 a/k/a EDDIE DIAB; RANDALL         )
26 SALDIVAR; and DOES 1-10,          )
                                      )
27          Defendants.               )

28

The parties to this Stipulation ("Stipulation") and protective order thereon ("Order") are Plaintiff TRACFONE WIRELESS, INC. ("Tracfone"), and SKYCOM WIRELESS, INC., a California Corporation ("Skycom"); MOHAMAD CHEHAB ("Chehab"); AHED YOUSEF DIAB a/k/a EDDIE DIAB ("Diab") (collectively, "Defendants"). The parties stipulate that the Court shall enter a protective order as set forth herein.

1.   **PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action may involve the production of proprietary and/or confidential information for which special protection from public disclosure and from use for any purposes other than prosecution or defense of this litigation or as part of Tracfone's ongoing investigations of and/or litigation against other third parties would be warranted. Accordingly, the parties hereby stipulate to the terms and conditions of this order, and petition this court to enter the following stipulated protective order. In doing so, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal with the Court yet further acknowledge that they may file confidential information conditionally under seal pursuant to court procedures.

2.   **DEFINITIONS:**

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or

1 | generated in disclosures or responses to discovery in this matter.

2 |     2.3   <u>"Confidential" Information or Items</u>:

3 |         A.   The designation "CONFIDENTIAL" may be applied by a party

4 |         to any type of information which that party believes in good faith

5 |         to constitute, contain, reveal or reflect proprietary or confidential

6 |         customer, supplier, financial, business, technical, personnel or

7 |         related information, regardless of the source of information.

8 |         B.   "Confidential Information" refers to all information which is

9 |         subject to the designations "CONFIDENTIAL" as described

10 |         above.

11 |     2.4   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

12 | Material from a Producing Party.

13 |     2.5   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

14 | Discovery Material in this action.

15 |     2.6   <u>Designating Party</u>:  a Party that designates information or items that it

16 | produces in disclosures or in responses to discovery, or it obtains from a third party,

17 | as "Confidential."

18 |     2.7   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

19 | designated as "Confidential."

20 |     2.8   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who

21 | are retained to represent or advise a Party in this action (as well as their support

22 | staff).  The present Outside Counsel for the parties to this Stipulated Protective

23 | Order are:

24 |         (1)   Ewaniszyk Law Firm on behalf of Defendants, Skycom, Chehab

25 |         and Diab;

26 |         (2)   Carlton Fields, P.A. on behalf of Tracfone; and

27 |         (3)   Kohut & Kohut, LLC on behalf of Tracfone.

28 |     2.9   <u>House Counsel</u>:  attorneys who are employees of a Party or any parent,

1   subsidiary and/or affiliate of a Party (as well as their support staff).  Each of the

2   Parties agrees to designate and advise the names of such House Counsel, if any.

3   House Counsel includes the attorneys employed by the Parties, including but not

4   limited to full or part-time attorneys employed by the Parties or independent

5   contractor lawyers who are not Outside Counsel contracted for work on this matter

6   by the Parties.

7        2.10   Counsel (without qualifier):  Outside Counsel and House Counsel (as

8   well as their support staff).

9        2.11   Experts and Consultants:  A person in a matter pertinent to the

10  litigation who has been retained by a Party, or its counsel, to serve as an expert

11  witness or as a consultant in this action.  This definition includes a professional jury

12  or trial consultant retained in connection with this litigation.

13       2.12   Professional Vendors:  persons or entities that provide litigation

14  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

15  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

16  and their employees and subcontractors.

17  3.   **SCOPE:**

18       The protections conferred by this Stipulation and Order cover not only

19  Protected Material (as defined above), but also any information copied or extracted

20  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and

21  testimony and representations made by parties or their counsel, either in court, in

22  depositions or in any court proceeding and hearing, that might reveal Protected

23  Material.  Any and all conversations, and/or representations made by the parties or

24  their counsel during informal and formal conferences are subject to the applicable

25  Federal Rules of Evidence.

26  4.   **DURATION:**

27       This Stipulation and Order and the confidentiality obligations imposed therein

28  shall be in effect from the date of full execution of this Stipulation and shall remain

44350
13802177.1

4

Case No. CV08-00382-SGL (SSx)

1  in effect thereafter unless terminated by mutual agreement of the parties or by

2  further court order.

3  **5.**   **DESIGNATING PROTECTED MATERIAL:**

4      5.1   Exercise of Restraint and Care in Designating Material for Protection—

5  Limitation on Designated Material. Each Party that designates information or items

6  for protection under this Order must take the highest degree of care, consistent with

7  the protections afforded under this Order, to limit any such confidential designation

8  to specific material that qualifies under the appropriate standards.  A Designating

9  Party must take the highest degree of care, consistent with the protections afforded

10  under this Order, to designate for protection only those parts of material, documents,

11  items, or oral or written communications that qualify—so that other portions of the

12  material, documents, items, or communications for which protection is not

13  warranted are not swept unjustifiably within the ambit of this Order.

14      5.2   Manner and Timing of Designations.  Except as otherwise provided in

15  this Order, or as otherwise stipulated or ordered, material that qualifies for

16  protection under this Order must be clearly so designated before the material is

17  disclosed or produced.  If a party believes that the basis for marking a document as

18  "Confidential" is not readily apparent from the information or the document, the

19  Receiving Party shall notify the Designating Party.  The Designating Party shall

20  have fourteen (14) days to respond, setting forth the basis under this Stipulation and

21  Order for the designation.  Designation in conformity with this Order requires:

22          (a)   for information in documentary form (apart from

23              transcripts of depositions or other pretrial or trial

24              proceedings), that the Producing Party affix the legend

25              "CONFIDENTIAL" on each page that contains protected

26              material.  If only a portion or portions of the material on a

27              page qualifies for protection, the Producing Party also

28              must clearly identify the protected portion(s) (e.g., by

44350
13802177.1
5
Case No. CV08-00382-SGL (SSx)

STIPULATED PROTECTIVE ORDER AND ORDER THEREON

1  making appropriate markings in the margins) and

2  indicating that the portion is being marked

3  ("CONFIDENTIAL").

4  (b)  for testimony given in deposition or in other pretrial or

5  trial proceedings, that the Party offering or sponsoring the

6  testimony identify on the record, before the close of the

7  deposition, hearing, or other proceeding, all protected

8  testimony, and further specify any portions or the

9  testimony that qualify as "CONFIDENTIAL."  Only those

10  portions of the testimony that are appropriately designated

11  for protection shall be covered by the provisions of this

12  Stipulated Protective Order.  Transcript pages containing

13  Protected Material must be separately bound by the court

14  reporter, who must affix to each such page the legend

15  "CONFIDENTIAL" as instructed by the Party or non-

16  party offering or sponsoring the witness or presenting the

17  testimony.

18  (c)  for information produced in some form other than

19  documents, and for any other tangible items, that the

20  Producing Party affix in a prominent place on the exterior

21  of the container or containers in which the information or

22  item is stored the legend "CONFIDENTIAL." If only

23  portions of the information or item warrant protection, the

24  Producing Party, to the extent practicable, shall identify

25  the protected portions, specifying whether they qualify as

26  "CONFIDENTIAL."

27  6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS:**

28  6.1  <u>Timing of Challenges</u>.  A party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party, either telephonically or in person.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, and comply with Local Rule 37.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party shall notify the Designating Party of said challenge in writing.  The Designating Party shall then file and serve a motion under applicable federal law and local rules that identifies the challenged material and the basis for its belief that the confidentiality designation was proper.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue, and the justification given by the challenging party for its challenge to the designation.  If the motion is filed, the challenged material shall continue to be treated as confidential until a final ruling on the motion.  The burden of proof in any such proceeding and the legal basis shall be on the Designating Party.

7.    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL:**</u>

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation and in connection with any and all other investigations and/or litigation conducted or brought by TracFone.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  A warranty and representation is made by all Outside Counsel who sign this Stipulation, or who are bound by it, that they and their employees shall comply with the terms hereof;

   (b)   Officers, directors, and employees (including House Counsel) of the Receiving Party, and, including employees and independent contractor lawyers (who are not Outside Counsel) to whom disclosure is reasonably necessary for this litigation, all of whom shall be bound by this Protective Order and its provisions by agreement of the

Receiving Party to this Stipulation through its counsel.
The Receiving Party will take responsibility for
compliance with this Order as to disclosures to any
independent contractor lawyers (who are not Outside
Counsel) and employees of the Receiving Party.  If a
former employee of a Receiving Party is to receive and
review Protected Material, such former employee may
receive Protected Material if reasonably necessary for this
litigation but shall first sign the "Agreement To Be Bound
By Protective Order" (Exhibit "A");

(c)   Experts and consultants (as defined in this Order) of the
Receiving Party to whom disclosure is reasonably
necessary for this litigation and who have signed the
"Agreement To Be Bound By Protective Order" (Exhibit
"A");

(d)   The Court and its personnel.  The Parties hereto
acknowledge and agree that any records lodged under seal
will become part of the public record unless the
Designating Party obtains a court order sealing the record;

(e)   Court reporters, their staffs, and professional vendors to
whom disclosure is reasonably necessary for this
litigation;

(f)   During their depositions, witnesses in the action to whom
disclosure is reasonably necessary and who have signed
the "Agreement To Be Bound By Protective Order,"
attached hereto and herein incorporated as Exhibit "A," or
who otherwise agree to be bound by this Stipulated
Protective Order.  Pages of transcribed deposition

| | | |
|---|---|---|
| 1 | | testimony or exhibits to depositions that reveal Protected |
| 2 | | Material must be separately bound by the court reporter |
| 3 | | and may not be disclosed to anyone except as permitted |
| 4 | | under this Stipulated Protective Order. |
| 5 | (g) | The author of the document or the original source of the |
| 6 | | information. |
| 7 | (h) | Members of the jury, if any, in this case. |
| 8 | (i) | Upon request for Protected Material for the purpose of an |
| 9 | | audit by governmental authorities, including without |
| 10 | | limitation, any federal, state or local governmental bodies |
| 11 | | charged with and responsible for regulating and licensing |
| 12 | | contractors, insurance companies and surety companies, |
| 13 | | such governmental entities may be provided with |
| 14 | | Protected Material.  Any request for Protected Material by |
| 15 | | governmental authorities for the purpose of criminal |
| 16 | | prosecution are subject the appropriate Penal Code |
| 17 | | sections and Federal Rules of Evidence. |
| 18 | (j) | Upon demand or request for audit, reinsurers of the |
| 19 | | sureties who are parties to this action may be provided |
| 20 | | access to Protected Material.  Prior to the disclosure of any |
| 21 | | such Protected Material, the party providing the Protected |
| 22 | | Material must first require that an authorized |
| 23 | | representative of any such reinsurers first sign the |
| 24 | | "Agreement To Be Bound By Protective Order" |
| 25 | | (Exhibit "A"). |

26  **8.**   **FILING PROTECTED MATERIAL:**

27       A Party that seeks to file under seal any Protected Material marked

28  "CONFIDENTIAL" must comply with the guidelines provided under federal law

1 and any local rules in order to obtain an Order allowing such filing under seal.

2 **9.     FINAL DISPOSITION:**

3 Unless otherwise ordered or agreed in writing by the Producing Party after the final

4 termination of this action through the entry of a final judgment, including after

5 conclusion of all appeals thereof, or the execution of a settlement agreement, and

6 upon written demand by Producing Party, each Receiving Party shall return all

7 Protected Material within sixty (60) days, if requested in writing to do so by the

8 Designating Party. As used in this subdivision, "all Protected Material" includes all

9 copies or any other form of reproducing or duplicating any of the Protected

10 Material. As for any abstracts, compilations, summaries of any or any other form of

11 reproducing or capturing any of the Protected Material, the Receiving Party shall

12 destroy such material at the written request of the Producing Party. Notwithstanding

13 this provision, Receiving Parties are entitled to retain an archival copy of all

14 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

15 work product, even if such materials contain Protected Material. Any such archival

16 copies that contain or constitute Protected Material remain subject to this Protective

17 Order as set forth in Section 4 (DURATION), above.

18 **10.     MISCELLANEOUS:**

19     10.1   Right to Further Relief. Nothing in this Order abridges the right of any

20 person to seek its modification by the Court in the future.

21     10.2   Right to Assert Other Objections. By stipulating to the entry of this

22 Protective Order no Party waives any right it otherwise would have to object to

23 disclosing or producing any information or items on any ground not addressed in

24 this Order. Similarly, no Party waives any right to object on any ground to use in

25 evidence of any of the material covered by this Protective Order.

26     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

27

28

44350
13802177.1                                    11                    Case No. CV08-00382-SGL (SSx)

1  DATED: July _____, 2008          [COUNSEL FOR DEFENDANTS]

2

3                                   By: _____

4                                   [COUNSEL FOR DEFENDANTS]

5              July
6  DATED: ~~January~~ 25, 2008       KOHUT & KOHUT, LLP

7

8                                   By: _____

9                                   MEGAN L. WAGNER
                                    SARAH K. KOHUT
10                                   Attorneys for Plaintiff TRACFONE
                                    WIRELESS, INC.
11

12  DATED: ~~January~~ 23, 2008      CARLTON FIELDS, P.A.

13

14                                  By: _____

15                                  JAMES B. BALDINGER
                                    MARIA MONTENEGRO
16                                  Attorneys for Plaintiff TRACFONE
                                    WIRELESS, INC.

17

18  future discovery filings shall
    include the following language
19       on the cover page:
20  [Referred to Magistrate Judge
         Suzanne H. Segal]"
21

22                          ┌─────────────────────────────┐
                            │ IT IS SO ORDERED.           │
23                          │ DATED: ___8/22/08___        │
24                          │                             │
                            │   _____     │
25                          │ UNITED STATES MAGISTRATE JUDGE │
                            └─────────────────────────────┘
26

27

28

    44250
    1341208.2                          12

1  <u>EXHIBIT A</u>

2  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3  I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Stipulated Protective Order

6  that was issued by the United States District Court, Central District of California on

7  on _____ [date] in the case of *Tracfone Wireless, Inc. v.*

8  *Skycom, etc. et al*, Case No. CV08-00382-SGL (SSx).

9  I agree to comply with and to be bound by all the terms and conditions of this

10 Stipulated Protective Order and I understand and acknowledge that my failure to so

11 comply could expose me to liability to the Designating Party for damages or

12 injunctive relief for a breach of this Stipulated Protective Order. I solemnly promise

13 that I will not disclose in any manner any information or item that is subject to this

14 Stipulated Protective Order to any person or entity except in strict compliance with

15 the provisions of this Order.

16 I further agree to submit to the jurisdiction of the United States District Court,

17 Central District of California for the purpose of enforcing the terms of this

18 Stipulated Protective Order, even if such enforcement proceedings occur after

19 termination of this action.

20

21 DATED:_____, 2008        _____

22                                 City and State where sworn and signed

23 _____            _____
   Printed Name                     Signature

24

25

26

27

28

44350
13802177.1

14

Case No. CV08-00382-SGL (SSx)