THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

CASE NO.: SA-CV08-0382-SGL-SS

Priority
Send
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

SKYCOM WIRELESS, INC.,
a California Corporation;
MOHAMAD CHEHAB;
AHED YOUSEF DIAB a/k/a EDDIE DIAB;
RANDALL SALDIVAR; and DOES 1-10,

    Defendants.

_____/

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT RANDALL SALDIVAR

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against, among others, Defendant, Randall Saldivar ("Defendant") alleging that the Defendant is engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendant's benefit, computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's

trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10 service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone/NET10 wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, Defendant has, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone/NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendant's involvement in the Bulk Resale Scheme, TracFone asserted claims against the Defendant for federal trademark infringement under 15 U.S.C. § 1114; federal

unfair competition under 15 U.S.C. § 1125(a); violation of California Business & Professions Code § 17200, *et seq.*; contributory trademark infringement; copyright infringement under 17 U.S.C. § 106; copyright infringement under Title 17 of the United States Code; circumvention of copyrighted software protection systems and trafficking in circumvention technology under 17 U.S.C. § 1201, *et seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); breach of contract; interference with business relationships and prospective advantage; interference with contract; dilution of TracFone's Trademarks under California Business & Professions Code § 14200, *et seq.*; and conspiracy to induce breach of contract. Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, issued on June 19, 2007 and based on a first use date of December 31, 2005; and United States Trademark

Registration No. 3,251,389, issued on June 12, 2007 and based on a first use date of December 31, 2005 (collectively the "TracFone Trademarks").

3. The TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that the Defendant's involvement in the Bulk Resale Scheme constitutes federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); violation of California Business & Professions Code § 17200, *et seq.*; contributory trademark infringement; copyright infringement under 17 U.S.C. § 106; copyright infringement under Title 17 of the United States Code; circumvention of copyrighted software protection systems and trafficking in circumvention technology under 17 U.S.C. § 1201, *et seq.* as a violation of the DMCA; breach of contract; interference with business relationships and prospective advantage; interference with contract; dilution of TracFone's Trademarks under California Business & Professions Code § 14200, *et seq.*; and conspiracy to induce breach of contract.

6. The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against Defendant. The Court finds that (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET10 Prepaid Phones outside of

the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

7. The Court further finds that Defendant's participation in the Bulk Resale Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendant of liability for his violations of the DMCA as alleged in TracFone's complaint, because the Defendant's conduct in this case does not come within the scope of the new exemption. The Defendant's purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

10. Final judgment is hereby entered, jointly and severally, against Defendant, Randall Saldivar, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint, in the principal amount of ONE MILLION DOLLARS AND

5
[PROPOSED] FINAL JUDGMENT AND
PERMANENT INJUNCTION AGAINST DEFT RANDALL SALDIVAR

ZERO CENTS ($1,000,000.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

11.     Defendant, and each and all of his past and present respective agents, employees, attorneys, accountants, investigators, consultants, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him or on his behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

> a. purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone/NET10 Handsets"). Specifically, the Defendant is enjoined from purchasing and/or selling all models of TracFone/NET10 Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and NET10's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone/NET10 handsets:
>
> | | |
> |---|---|
> | Motorola W175 | Nokia 2126 |
> | Motorola W260g | Nokia 2126i |
> | Motorola W376g | Nokia 2600 |
> | Motorola W370R | Nokia 1100 |
> | Motorola W370 | Nokia 1112 |
> | Motorola W375 | Nokia 1221 |

|  |  |
|---|---|
| Motorola C261 | Nokia 1600 |
| Motorola C139 | Nokia 2285 |
| Motorola V176 | PINK Motorota 139 |
| Motorola V170 | LG 400G |
| Motorola V171 | LG 3280 |
| Motorola C155 | LG CG225 |
| Motorola C343 | LG 1500 |
| Motorola V60i | LG 200C |
|  | Kyocera K126C |

b. reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

d. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

f. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

12. The last known address of Defendant, Randall Saldivar, is 27242 Ryan Drive, Laguna Niguel, California 92677.

13. The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

14. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt in the event Defendant violates the terms of this Order.

15. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

16. The Court finds that there is no just reason for delay of the entry of judgment against Defendant, Randall Saldivar, and therefore directs the Clerk to enter Judgment as set forth herein. *See* Fed. R. Civ. P. 54(b).

DONE AND ORDERED in Santa Ana, California, this 27th day of January, 2009.

_____
THE HONORABLE STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel and *pro se* parties of record